Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 50378 | DATE | 9/25/2001 |
| CASE TITLE | Tomlinson vs. City of Genoa et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted in part and denied in part. Counts II - X are dismissed in their entirety, and the City of Genoa and Zmich are dismissed as defendants. Count I is dismissed in part: plaintiff may proceed only on the theory that Edwards lacked probable cause to stop and arrest him; any claim that Edwards gave false testimony before the state trial court is dismissed. The parties are ordered to schedule a settlement conference with the Magistrate Judge within 30 days from the date of this order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | Document Number |
| | No notices required. | SEP 25 2001 date docketed | 22 |
| | Notices mailed by judge's staff. | docketing deputy initials | |
| | Notified counsel by telephone. | SEP 25 2001 date mailed notice | |
| X | Docketing to mail notices. | mailing deputy initials | |
| | Mail AO 450 form. | | |
| X | Copy to ~~judge~~/magistrate judge. | | |

/LC courtroom deputy's initials

U.S. DISTRICT COURT CLERK 01 SEP 25 AM 10:50 FILED-WD

Date/time received in central Clerk's Office

(Reserved for use by the Court)

# ORDER

Plaintiff, Thomas E. Tomlinson, has filed a ten-count complaint against defendants, Greg Edwards,[1] Joseph Zmich, individually and as the Police Chief of the City of Genoa, and the City of Genoa ("the City"). He alleges claims under 42 U.S.C. § 1983 for malicious prosecution and false imprisonment against all three defendants (Counts I - III and IV- VI, respectively), and state law claims for negligent retention and negligent supervision against Zmich and the City (Counts VII - VIII and IX - X, respectively). Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Because the heart of Tomlinson's malicious prosecution and false imprisonment claims (at least those against Edwards – Counts I and IV) allege nothing more than that Tomlinson was arrested and detained without probable cause, the court will treat this aspect of these counts as a straightforward false arrest claim brought under the Fourth Amendment. See Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001); Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998). And with respect to this claim, the court finds questions of fact remain as to whether Edwards did in fact have probable cause to stop and arrest Tomlinson on the night of September 17, 1998. Although this court is not bound by the state trial court judge's finding of no probable cause, see Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996), cert. denied, 519 U.S. 1113 (1997), the same factual dispute presents itself here. Specifically, deciding if Edwards' own driving created the reason to stop Tomlinson – i.e., whether Tomlinson may have crossed the yellow line while driving home that night because Edwards followed him so closely that he had to keep watching Edwards in his rear view mirror – would require the court to assess credibility, weigh the evidence, and draw inferences against Tomlinson (the nonmoving party), all of which it may not do on summary judgment. See Ritchie v. Glidden Co., 242 F.3d 713, 722 (7th Cir. 2001). This same factual dispute similarly prevents the court from conferring qualified immunity upon Edwards: were the trier of fact to find in Tomlinson's favor, Edwards would be hard-pressed to argue it was not "clearly established" that the Fourth Amendment prohibited police officers from creating their own probable cause to stop and arrest an otherwise law-abiding citizen.

Another part of Tomlinson's malicious prosecution claim seems to be that Edwards gave false testimony at the state court proceeding. Regardless of whether this should be considered under the rubric of due process or the Fourth Amendment, compare Newsome, 256 F.3d at 751-52, with Williams v. Heavener, 217 F.3d 529, 531-32 (7th Cir. 2000), the court finds it is without merit. Even supposing the testimony at issue was false – i.e., Edwards lied about not relying on a tip from an informant (who claimed Tomlinson was involved in a possible drug deal) to follow Tomlinson that night – the court fails to see the testimony's relevance. As the state trial judge himself recognized, whether the tip did or did not initially motivate Edwards to follow Tomlinson has nothing to do with the ultimate probable cause determination because an officer's subjective motivation in stopping someone plays no part in Fourth Amendment analysis. See Arkansas v. Sullivan, 121 S. Ct. 1876, 1878 (2001). Edwards' allegedly false testimony did not concern a material fact and, therefore, the court dismisses this aspect of the malicious prosecution claim.

The rest of Tomlinson's claims do not warrant much discussion. His attempts to hold Zmich and the City liable under § 1983 (Counts II - III and V - VI) are, at best, confusing and underdeveloped, made all the more so by his failure to cite a single case in support of these claims. As for Zmich in his individual capacity, Tomlinson argues Zmich failed to "put an end to the prosecution of Plaintiff after Plaintiff pointed out to him the problems which arose from Edwards' conduct." (Pl. Resp., p. 7) Besides not supporting this theory with much, if any, evidentiary basis, this is not the type of involvement giving rise to § 1983 liability. See Kernats v. O'Sullivan, 35 F.3d 1171, 1182-83 (7th Cir. 1994). Turning to the City and Zmich in his official capacity, the court finds it rather remarkable Tomlinson discussed these claims without even so much as mentioning Monell v. Department of Soc. Serv. of the City of New York, 436 U.S. 658 (1978), or its progeny (or any case law at all for that matter). In any event, they too are without a factual or legal predicate.

Finally, the court finds Tomlinson's state law claims of negligent retention and negligent supervision against the City and Zmich are barred by Illinois' one-year statute of limitations for bringing claims against a local government entity or its employees. See 745 ILL. COMP. STAT. 10/8-101. Tomlinson essentially seeks to hold these defendants liable for negligently hiring and supervising Edwards because, among other things, Zmich knew of, but did nothing to stop, Edwards from associating "with individuals of bad moral and legal character" – in particular, Scott Szpekowski, who happened to be Edwards' informant that night. According to Tomlinson's own deposition testimony and answers to interrogatories, though, he knew, or reasonably should have known, about the basis for these claims just a few days after his arrest on September 17, 1998, when he went to speak with Zmich about Edwards and Zmich told him (Tomlinson) that he (Zmich) thought Szpekowski was "unreliable" and a "troublemaker." (Def. Exh. C, Pl. Supp. Ans. to Def. Interrog. No. 12; Def. Exh. G., Tomlinson dep., pp. 33, 35, 38-39) Thus, these claims would have accrued as soon as this conversation took place, which was more than a year before Tomlinson filed his complaint on November 17, 1999.

For the reasons stated above, defendants' motion for summary judgment is granted in part and denied in part. Counts II - X are dismissed in their entirety, and the City and Zmich are dismissed as defendants. To be clear, Tomlinson may proceed only on Count I, and only insofar as Tomlinson alleges Edwards stopped and arrested him without probable cause in violation of the Fourth Amendment. Any claim that Edwards gave false testimonybefore the state trial court is also dismissed.

[1] Because the parties have discussed whether Edwards is entitled to qualified immunity, the court presumes the claims against him are brought in his personal capacity. See Stevens v. Umsted, 131 F.3d 697, 707 (7th Cir. 1997).